No. 280

CURTIN, Admr., v. WOODLAND CEMETERY ASSOCIATION

Ohio Appeals, 2nd Dist., Montgomery County
No. 553. Rendered March 29, 1924

616. NEGLIGENCE — Safeguarding excavations,—attractive nuisances—Admissibility of city ordinance as evidence.

FERNEDING, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

The Cemetery Association maintained an artificial pond on its premises about 5 feet distant from an alley which had been in existence for many years. Along this alley it had constructed a tight board fence upon which a board had been removed, leaving an opening through which a child crawled and was drowned in the pond. Suit was brought in the Montgomery Common Pleas to recover for wrongful death, resulting in a judgment for the Association. To reverse this judgment error was brought in the Court of Appeals, which held:

An ordinance of the City of Dayton makes it the duty of every person erecting any building, or making any improvement on or near any sidewalk, street or alley in the city, whereby an excavation is made, or material accumulated, to place around the same a substantial rail or guard which will prevent any danger from accidents. The plaintiff below sought to introduce this ordinance in evidence, but the court excluded it, holding that it was intended to apply to temporary constructions only, and even if the ordinance did apply it was not violated, as the fence rails constituted guards within its meaning.

The law of attractive nuisances as to children has been settled in this State and we think the trial court followed the decision of the Supreme Court in its charge to the jury and in its ruling throughout the trial and the judgment will be affirmed.

Attorneys—Joseph W. Sharts, for Curtin; McMahon, Corwin & Landis, contra, all of Dayton.

---

No. 281
HELEN PLANTZ v. STATE
Ohio Appeals, 8th Dist., Cuyahoga County
Decided Jan. 21, 1924

921. PHYSICIAN AND SURGEON—Practicing medicine in Ohio, not a violation of statute, unless for a consideration.

PER CURIAM.
Epitomized Opinion
Published Only in Ohio Law Abstract

Plantz was accused in the Cleveland Municipal Court, under the statute for practicing medicine without a license. In this case, it seems that Mrs. Plantz was engaged in a dual capacity. She administers massages at different times, and also as a spiritual medium received and delivered messages, and she was dispensing both apparently.

Practicing medicine, in Ohio, has been well defined, and one must give medicine or treatment for money or something else of value, in order to be practicing medicine. It is hard to gather from the record whether on this occasion she was giving a message or a massage, as the record is silent upon the question, or if not silent, it shows that she did not get any consideraton for either treatment. On account of a failure of proof the verdict and judgment of the court below must be reversed and the accused is discharged.

Attorneys—H. G. Glick, for Planz; J. A. Jilek, for the State, both of Cleveland.